IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MALCOLM R. ROGERS                                                         PLAINTIFF

v.                              No. 4:11-cv-892-DPM

AMERICAN RED CROSS                                                       DEFENDANT

ORDER

Since this Title VII lawsuit started last December, the parties have filed many papers but we have not gotten very far.  First, Rogers amended and supplemented his complaint.  The American Red Cross has moved to dismiss both the original complaint and the amendment.  *Document No. 13*.  And Rogers has moved the Court to appoint him a lawyer.  *Document No. 19*.  The Red Cross opposes this request.  Finally, Rogers has moved to amend a second time and has filed a 70-page proposed complaint.  *Document No. 22*.  The Red Cross opposes this motion too.

1.   **Motion to Appoint Counsel.**   Rogers has no statutory or constitutional right to appointed counsel in this case.  *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case

and the litigants." *Ibid.; see also* 28 U.S.C. § 1915(e)(1). In making its decision, the relevant factors the Court should consider are (1) Rogers's financial resources; (2) his efforts to obtain representation; and (3) the merits of his discrimination claim. *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). At this early stage of the litigation, the Court cannot discern the merits of Rogers's claims. The Court therefore denies his motion for appointed counsel, *Document No. 19*, without prejudice to him refiling it once the case is further down the road.

**2. Motion to Amend & Motion to Dismiss.** Rogers's complaint is bouncing between extremes. The Red Cross moved to dismiss Rogers's original complaint and first amendment because they are too conclusory and do not state enough facts. In response, Rogers moved to amend his complaint again and proposed a 70-page complaint full of facts.

The Court should, of course, freely allow leave to amend, but not when the amendment would be futile. FED. R. CIV. P. 15(a)(2); *Hammer v. City of Osage Beach, Missouri*, 318 F.3d 832, 844 (8th Cir. 2003). Rogers's claims for abuse of due process, bad faith, violation of public policy, and negligent infliction of emotional distress are futile on their face. And though the Court doubts the viability of Rogers's claims for negligent retention, negligent

training, and intentional infliction of emotional distress, it will reserve judgment on those claims until it hears written argument from the parties. Rogers has until 1 August 2012 to revise his amended complaint, leaving out the four futile claims, and to file it with the Court. The Court also encourages Rogers to trim down the facts alleged: it is not necessary to plead every fact known that might support his case, but only the essential facts necessary to support the remaining claims. FED. R. CIV. P. 8(a)(2). At that point, the Court expects the Red Cross to address more than just the sufficiency of Rogers's pleading. It is time to address the legal merits of Rogers's particular claims and whether each should or should not move forward. Whether Rogers has any viable claims against the individuals needs detailed briefing too.

\* \* \*

Motion for appointed counsel, *Document No. 19*, denied. Motion to amend, *Document No. 22*, granted as modified; revised amended complaint due by 1 August 2012. Motion to dismiss, *Document No. 13*, denied without prejudice as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

*18 July 2012*

-3-